Mohamed JALLOH, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–5454–ag.

United States Court of Appeals, Second Circuit.

July 12, 2007.

Matthew J. Harris, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Judy K. Hunt, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Jalloh, a citizen of Sierra Leone, seeks review of an October 30, 2006, order of the BIA affirming the April 25, 2005, decision of Immigration Judge ("IJ") Sarah Burr denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Mohamed Jalloh,* No. A95 837 533 (B.I.A. October 30, 2006), *aff'g* No. A95 837 533 (Immig. Ct. N.Y. City, April 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

## I. Asylum

The IJ found Jalloh credible and determined that he had experienced past persecution, but concluded, based upon changed country conditions, that Jalloh no longer had a well-founded fear of future persecution. This determination was supported by substantial evidence. *See Yang v. McElroy,* 277 F.3d 158, 163 n. 4 (2d Cir.2002) The most recent State Department report relied upon by the BIA, the 2005 country report, shows that Jalloh's political party remains in control of the country and that civilian authorities generally maintained effective control of security forces throughout the year. Although Jal-

loh argues that the location of his home city puts him at risk from cross-border raids from Liberia, the 2005 country report also specifically states that such raids ceased to occur after 2004.

Jalloh did not provide any evidence contradicting the agency's finding of changed country conditions beyond his reliance on country reports older than those relied upon by the agency. "[I]n the absence of contradictory evidence, we afford State Department country condition reports considerable deference." *Hoxhallari v. Gonzales,* 468 F.3d 179, 186 (2d Cir.2006) (per curiam) (internal quotation marks omitted). The IJ's conclusion was based upon an "individualized analysis" that the changes in country conditions directly bore upon Jalloh's circumstances as a supporter of the Sierra Leone People's Party. *See Tambadou v. Gonzales,* 446 F.3d 298, 303–04 (2d Cir.2006). A reasonable adjudicator would not be compelled to conclude that the agency erred in finding changed country conditions based on the country reports. *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

## II. Withholding of Removal and CAT Relief

■ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Because Jalloh has failed to make any arguments in his brief to this Court regarding the agency's denial of his claims for withholding of removal or CAT relief, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem any such arguments waived.

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.